# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-20-FDW

| | |
|---|---|
| AJANAKU E. MURDOCK, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| FNU PERRY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's *pro se* "Motion for Reconsideration/ Opposition to Defendants Motion to Dismiss," (Doc. No. 16), and "Motion to Amend," (Doc. No. 17).

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 that passed initial review on claims that his right to send and receive mail has been infringed, and the remaining claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (Doc. No. 11). A request for waiver of service on is pending with the North Carolina Department of Public Safety. (Doc. No. 12).

Plaintiff filed a Motion for an extension of time to file an Amended Complaint, which the Court granted until September 14, 2018. (Doc. Nos. 14, 15). He has failed to file an Amended Complaint to date. Instead, Plaintiff filed the instant Motion for Reconsideration/ Opposition to Defendants Motion to Dismiss," (Doc. No. 16), and "Motion to Amend," (Doc. No. 17). He argues that several of his § 1983 claims should not have been dismissed and attempts to state sufficient § 1983 claims.

To the extent Plaintiff seeks reconsideration of the Order on Initial Review and argues that his § 1983 claims are sufficient to proceed, his Motions will be denied. Plaintiff's belief that

1

Defendants have filed a Motion to Dismiss the Complaint is mistaken as no Defendant has yet waived service or appeared in this case. Plaintiff will not be permitted to present amended claims in a piecemeal manner. However, Plaintiff will be granted leave to file an Amended Complaint by **October 12, 2018**. Plaintiff may not simply add allegations to his already existing Complaint as he attempts to do in the present Motions. Rather, he must submit a proposed Amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. Once Plaintiff files an Amended Complaint, the original Complaint will be superseded, meaning that if an Amended Complaint omits claims raised in the original Complaint, the Plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). The Amended Complaint must be submitted on the form that will be supplied with this Order and comply with all applicable procedural rules, for instance, by setting forth a "short and plain" statement of the claims. See Fed. R. Civ. P. 8(a)(2). If Plaintiff fails to file an Amended Complaint, the Court will proceed on his Complaint as originally filed, (Doc. No. 1).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's *pro se* "Motion for Reconsideration/ Opposition to Defendants Motion to Dismiss," (Doc. No. 16), and "Motion to Amend," (Doc. No. 17), are **DENIED**.

(2) However, Plaintiff is granted leave to file a superseding Amended Complaint by **October 12, 2018**, as stated in according with this Order and all applicable rules and procedures. If Plaintiff fails to do so, the Court will proceed on the Original Complaint.

(3) The Clerk of this Court is respectfully directed to mail Plaintiff a new Section 1983 Complaint form.

Signed: September 25, 2018

Frank D. Whitney
Chief United States District Judge